IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                                               No. CR S-02-0165 MCE GGH

    vs.

JUAN MANUAL JACQUEZ,

    Movant.                                                   FINDINGS AND RECOMMENDATIONS

_____/

        Movant is a federal prisoner proceeding pro se with a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. This action is proceeding on the original motion filed February 14, 2004, and the supplemental motion filed March 24, 2005. On April 27, 2005, respondent filed a motion to dismiss or, in the alternative, for an extension of time to respond to movant's motion. After carefully considering the record, the court recommends that respondent's motion be granted.

        On June 3, 2003, movant pled guilty to conspiracy to distribute methamphetamine. In the plea agreement, movant specifically waived his right to file a § 2255 motion. Respondent's Exhibit A, pp. 7-8. Defendant acknowledged at his plea colloquy that he understood he was waiving both his right to appeal, and his right to collaterally attack the conviction. See Motion to Dismiss at 2-3.

A plea agreement waiving the right to bring a § 2255 motion is enforceable, but for claims alleging involuntariness of the plea. See United States v. Pruitt, 32 F.3d 431, 432 (9th Cir. 1994) (claims of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain not barred by § 2255 waiver); U.S. v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).  While ineffective assistance of counsel with respect to the plea bargaining itself may void a collateral attack waiver, see U.S. v. Jeronimo, 398 F.3d 1149, 1156 (n.4) (9th Cir. 2005), the Ninth Circuit has rejected the idea that a defendant can bring in through the back door of ineffective assistance the substantive claims he has waived in the plea agreement.  United States v. Nguyen, 235 F.3d 1179, 1183-84 (9th Cir.2000) noting that a: "challenge to the knowingness and voluntariness of his waiver [on the ground] that his trial counsel 'erroneously advised him that under the law his position that he was not liable or responsible ... was incorrect,' and holding that the defendant's attempt to make an end-run around his waiver by repackaging substantive challenges to his conviction as going to the voluntariness of his plea would render the waiver a nullity").  Accordingly, the court now considers whether any of movant's claims are not barred by the waiver.

The motion filed February 14, 2005, raises four ineffective assistance of counsel claims: 1) counsel failed to move to suppress evidence; 2) counsel failed to argue mitigating factors during sentencing; 3) counsel failed to advise movant of the immigration consequences of his plea; 4) counsel failed to provide movant with police reports, discovery, etc.  In the March 24, 2005, supplemental pleading, movant claims that because counsel failed to provide him with police reports, etc., he was not adequately informed of the charges against him.  In the supplemental pleading, movant also contends that counsel was ineffective for 1) failing to obtain a fingerprint expert; 2) failing to object to the interpreter on grounds that he was not neutral; 3) failing to object to the presentence report; and 4) failing to obtain a chemical expert.

\\\\\

1      The only ineffective assistance of counsel claims which could possibly implicate
2 the voluntariness of movant's plea are the claims that counsel failed to provide him with various
3 documents and failed to advise him of the immigration consequences of his plea.  The court has
4 reviewed movant's plea agreement (respondent's exhibit A) and the transcript from movant's
5 change of plea hearing (respondent's exhibit B).  These documents indicate that movant
6 understands the nature and terms of his plea.  At the change of plea hearing, the prosecutor
7 described the factual basis of the charges against movant.  Respondent's Exhibit B, pp. 13-16.
8 Movant's conclusory claim that he was not adequately informed of the charges because counsel
9 failed to provide him with various documents is not supported by the record.

10      In addition, the Ninth Circuit has held that counsel's failure to advise a defendant
11 of the collateral immigration consequences of the criminal process does not violate the Sixth
12 Amendment right to the effective assistance of counsel.  U.S. v. Fry, 322 F.3d 1198, 1199
13 (2003).  Accordingly, movant's claim that counsel failed to advise him of the immigration
14 consequences of his plea is without merit.

15      In the March 24, 2005, supplemental pleading movant raised additional claims
16 which do not implicate the voluntariness of his plea: 1) the indictment was defective; 2) the
17 traffic stop violated the Fourth Amendment; 3) the interpreter in charge of the investigation may
18 have made inaccurate translations; 4) investigators violated the official restraint doctrine; 5) the
19 presentence report contained errors; 6) insufficient evidence.

20      For the reasons discussed above, the court finds movant's claims do not implicate
21 the voluntariness of his plea.  Therefore, movant's waiver of his right to file a § 2255 motion is
22 enforceable.

23      IT IS HEREBY RECOMMENDED that:
24      1. Respondent's April 27, 2005, motion to dismiss be granted;
25      2. The clerk of the court be directed to close the companion civil case No. CIV S-
26 05-293.

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3   days after being served with these findings and recommendations, any party may file written
4   objections with the court and serve a copy on all parties.  Such a document should be captioned
5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6   shall be served and filed within ten days after service of the objections.  The parties are advised
7   that failure to file objections within the specified time waives the right to appeal the District
8   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/10/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
jac165.257